UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Harold Anderson, | ) C/A No. 9:08-744-TLW-GCK |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) REPORT AND |
| | ) RECOMMENDATION |
| P.B. Galvin; L. D. Kirian Roguls; Judge LaTonya T. Simmons; Judge Edward W. Miller; Officer H. K. Robinson; Paul B. Wickensimer; Greenville County Sheriff's Office; Lieutenant Michael J. Brown; Sean F. Collins; Lynn West; and Major Michell A. Melton, | ) |
| | ) |
| Defendants. | ) |

The plaintiff, Harold Anderson (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] At the time of filing the complaint, Plaintiff was a prisoner within the South Carolina Department of Corrections (SCDC), but has since been released. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names Defendants alleged to be involved as "Officers of the Court" in various proceedings related to Plaintiff's state criminal case. Complaint at 4.[2] Plaintiff seeks monetary damages. Docket # 1-2 at 4. The pleadings should be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Additionally, several of the Defendants are immune from suit and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] The page numbers of the documents referenced in this report are the page numbers assigned by the docketing system found at the top of each page of the document on the docket.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.).

The complaint in this case has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, a *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v.*

*City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Background

Plaintiff pled guilty in state court to drug distribution charges on October 4, 2004.[3] Plaintiff was sentenced to concurrent terms of ten years, suspended upon the service of one year home incarceration and three years probation for distribution of cocaine, and ten years suspended during probation for distribution of cocaine within proximity of a school. On July 22, 2005, Plaintiff's probation and suspended sentence were revoked, and he was ordered to serve six years of the original ten year sentence. Plaintiff filed state court post-conviction relief proceedings to challenge the probation revocation, but did not prevail.

In March 2008, Plaintiff submitted for filing in this Court hundreds of hand written pages, a confusing array of documents, which appeared to be separate complaints against various defendants. Many of Plaintiff's submissions contained "Statement of Claim" or "Statement of Claim Continued" at the top, but were not attached to a particular complaint. This Court construed the documents submitted as seven separate cases and attempted to group the apparent random documents into the seven cases.[4] In all seven cases, the plaintiff failed to pay a filing fee or request to proceed *in forma pauperis*. On May 5, 2008, orders were issued in each case

---

[3] The brief factual background of Plaintiff's state criminal proceedings, probation revocation and post-conviction actions is taken from information in Plaintiff's contemporaneously filed case No. 9:08-742-TLW. A district court may take judicial notice of materials in the court's own files from prior proceedings. *United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992)(the district court had the right to take judicial notice of a prior related proceeding); *See also Fletcher v. Bryan*, 175 F2d 716 (4th Cir. 1949).

[4] The case numbers for the seven cases are: 9:08-741; 9:08-742; 9:08-743; 9:08-744; 9:08-745; 9:08-746; 9:08-818.

permitting Plaintiff to bring the case into proper form by providing the filing fee or *in forma pauperis* motion. The plaintiff complied by filing motions to proceed *in forma pauperis* which were granted in each case.

The complaint in this case, including ten attached documents titled "Statement of Claim Continued," names two judges, the clerk of court, and various law enforcement officers and investigators involved in Plaintiff's criminal case.[5] Plaintiff seeks monetary damages. [Docket # 1-2 at 4; 1-3 at 21; 1-4 at 4; 1-5 at 11, 37; 1-6 at 5, 14; 1-7 at 5; 1-9 at 5; 1-10 at 5; 1-11 at 4; 1-12 at 10.]

## Discussion



The law is well settled that federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute. *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). The Court could have subject matter jurisdiction of this case under 28 U.S.C. § 1331, "federal question," because the complaint is filed pursuant to 42 U.S.C. § 1983. A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266,

---

[5] The attachment at docket # 1-5 is 37 pages and appears to include as Defendants Allen Fretwell, Christopher Posey, and Betty NLN, C.S.W., which are not on the docket as parties in this case. The claims against these Defendants, however, are duplicative of the claims raised against these Defendants in Case No. 9:08-742 (see Docket # 1-5 at 89-91, 41-43, 32-38, and 92-94), and they are subject to dismissal for the reasons stated in that case, so it would be superfluous to add them and dismiss them as Defendants in this case.

271 (1994), *quoting Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## I. Failure to State a Claim

The seven page document deemed a complaint in this case and the ten attachments to the complaint titled "statement of claims continued" are a conglomeration of narrative that provides few factual allegations, and no allegations that can be construed as a claim under § 1983. The complaint does not allege facts that convey how the Defendants have violated a constitutional right of Plaintiff. For example, the complaint states, verbatim:

> This action aries under the claims of judicial misconduct, and fraud on the court which constitute deliberate indifference and official misconduct conspiracy misresentation violations of Rules of Court 8.2 8.3 8.4 Rules of Professional conduct SC.RC. Engaging in dishonesty conduct judicial misconduct perjury on the grand jury rule 60 B title 17-23-1201 Title 9 § 9 forgery, falseifying indictments all so court docouments and transcript of proceeding violation of Title 8 Section 8-1 70 and neglect of duty as officers of the courts and the judicial system. . . . That the plaintiff is and all times herien was a victim of judicial misconduct and attorney malpratice and negligence and forgery for and October 4, 2004 court date and a victim of idinenty thef and comespircery befour the Honorable Eward W. Miller....

Complaint at 3. Similarly, the first attachment alleges the following facts: "Defendant Galvin P. B. works for the Greenville Police Department. He is the officer who made this stop...and deliberate and intentionally arrested me for and charged stated on my NCIC report for and kidnapping charge." Docket # 1-2 at 1. The remaining attachments are similar in their brief factual allegations that do not allege how the stated facts violate Plaintiff's constitutional rights.

Many of the factual allegations simply state that a Defendant filled in information on a form, such as the sentencing sheet or signed a court document. Defendant Roguls appeared before a judge to get an arrest warrant for Plaintiff on drug charges. Docket #1-3. Defendant Robinson arrested Plaintiff and apparently was a witness before the Grand Jury to get an indictment against Plaintiff. Docket # 1-6. Defendant Wickensimer is the Clerk of Court for the Thirteenth Judicial Circuit in Greenville County and filed and signed or stamped his name on filed documents. Docket # 1-7. Defendant Brown, an employee of South Carolina Law Enforcement Division (SLED), in response to Plaintiff's inquiry, informed Plaintiff SLED has no files concerning Plaintiff's 2004 arrest. Docket # 1-9. Defendant Collins signed the Greenville County Crime Lab report used to identify the drugs Plaintiff was charged with possessing. Docket # 1-10. Defendant West is an investigator with the Public Defender's Office who visited Plaintiff while he was incarcerated at the Greenville County Detention Center. Docket # 1-11. Defendant Melton is the jail administrator of the Greenville County Detention Center who informed the sentencing judge that Plaintiff was terminated from the Home Incarceration Program for failure to comply with the conditions, and the Plaintiff's whereabouts were unknown. Docket # 1-12. These actions alone do not give rise to an inference of violation of constitutional rights.

In each attachment, the factual narrative is followed by legal conclusions, such as the following, that are repeated in many of Plaintiff's pleadings:

> The Defendant Mr. Galvin P. B. and officer with the Greenville Police Department has committed wrong under color of law and violated funamental principles of fairness, embodied in the United States Constitutional to cause Plaintiff Harold Anderson defamate of character, emotionally pain and suffering. The Defendant Mr. Galvin P. B. And officer is not immune from suit when he acted with deliberate indifference misusing his authority [cite/quote omitted].

> This is a violation of 4th right 5th Adment right.

Docket # 1-2 at 2 [verbatim]. Plaintiff changes the Defendant's name, but states substantially the same legal conclusions, sometimes verbatim. Docket # 1-3 at 2, 20; 1-4 at 3; 1-5 at 28, 35; 1-6 at 4, 9, 12; 1-7 at 3; 1-9 at 3; 1-10 at 4; 1-11 at 2; 1-12 at 9. The complaint makes conclusory statements, such as "[t]his is a violation 4th right 5th Adment right,"[sic], referring to Amendments of the United States Constitution. Docket # 1-2 at 2. However, no facts are provided that implicate violation by the Defendants of any of Plaintiff's rights under the Constitution.

The complaint's general claim of rights being violated does not state a claim under § 1983. Although the Court must liberally construe the *pro se* complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because "failed to contain any factual allegations tending to support his bare assertion"). The United States Supreme Court discussed pleading requirements in *Erickson v. Pardus*, _U.S._, 127 S. Ct. 2197, 2200 (2007), stating that

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests.

The Supreme Court further instructs that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombley v.*, _U.S._, 127 S.Ct. 1955, 1974 (2007). While Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass*

*v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). This Court is not required to develop tangential claims from scant assertions in the complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985). The complaint fails to state a claim upon which relief may be granted under § 1983, and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Immune Defendants

Even if Plaintiff had sufficiently stated a claim under § 1983 in this case, several of the Defendants are immune from suit, as are claims against Defendants in their official capacity.

### A. Judicial Immunity

The Defendants Miller and Simmons have absolute judicial immunity from suit. Immunity presents a threshold question which should be resolved before discovery is even allowed. *See Siegert v. Gilley*, 500 U.S. 226 (1991); and *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability"). In *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983) and *Pierson v. Ray*, 386 U.S. 547, 554 (1967), the Supreme Court has specifically held that state judges are absolutely immune from liability under 42 U.S.C. § 1983. The pleadings state that Defendants Miller and Simmons are judges and the factual allegations concerning these Defendants relate to judicial acts taken in relation to the Plaintiff's probation revocation proceedings. Defendants Miller and Simmons have absolute immunity from suit in this § 1983 action.



### B. Sovereign Immunity

The Defendants that are acting under color of state law, sued in their official capacity, have sovereign immunity. A § 1983 action against a state official in his official capacity is a suit

against the official's office, which is the same as suit against the State. *Bright v. McClure*, 865 F. 2d 623 (4th Cir. 1989). The State has immunity from suit for damages pursuant to the Eleventh Amendment of the United States Constitution. A State must expressly consent to suit in a federal district court, *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 (1984), and the State of South Carolina has specifically denied consent to suit in federal district court. *See* South Carolina Tort Claims Act, § 15-78-20(e) South Carolina Code of Laws (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State). Additionally, official capacity claims can be dismissed because defendants sued in their official capacity are not a "person" within the meaning of § 1983. *Vermont Agency of Natural Resources v. United States*, 529 U.S. 1858 (2000). Claims against Defendants in their official capacity should be dismissed.

The complaint, including all attachments, fails to state a claim upon which relief may be granted under § 1983 against these immune Defendants and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

### III. State Claims



Through the exercise of "supplemental jurisdiction," federal courts may hear and decide state law claims in conjunction with federal law claims. *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 387 (1998). Even if the pleadings in this case were liberally construed to state a claim based on state law, such as defamation, negligence, fraud, fraud on the court, or similar state torts, the Court should decline to consider the state law claims alone. Federal courts

are permitted to decline supplemental jurisdiction pursuant to subsection 28 U.S.C. § 1367(c), if:

>  (1) the claim raises a novel or complex issue of State law,
>  (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>  (3) the district court has dismissed all claims over which it has original jurisdiction, or
>  (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Because the pleadings fail to state a federal claim under § 1983, over which the Court would have original jurisdiction, this Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims under § 1367(c)(3).

### Recommendation

Accordingly, it is recommended that the District Judge dismiss the complaint *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915(e)(2)(B). The plaintiff's attention is directed to the notice on the following page.

August 19, 2008
Charleston, South Carolina

George C. Kosko
United States Magistrate Judge

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).